## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**TERRY WOODARD,**
      **Plaintiff,**

**vs.**                        **Case No. 5:09cv156/RS/MD**

**CHANDRA W. DASRAT, et al.,**
      **Defendants.**

_____

### REPORT AND RECOMMENDATION

      This cause is before the court upon referral from the clerk. Plaintiff, an inmate of the Florida penal system proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). The filing fee has been paid. (Doc. 4). Upon review of the complaint, the court concludes that this case should be transferred to the Middle District based on venue considerations.

      Plaintiff is currently incarcerated at Holmes Correctional Institution. His complaint names two defendants: Chandra W. Dasrat, Assistant Attorney General of the State of Florida in the Tampa Division; and Bill McCollum, Attorney General of the State of Florida. Plaintiff's claims arise out of his unsuccessful attempt to obtain postconviction DNA testing under Florida Rule of Criminal Procedure 3.853. Plaintiff alleges that he filed a Rule 3.853 motion in the Circuit Court of Polk County, Florida, which was denied. He unsuccessfully appealed the denial of relief to the Florida Second District Court of Appeal. Plaintiff claims Ms. Dasrat in her "official capacity as head prosecutor," conspired to deprive him of his right to a full and fair trial under the Fourteenth Amendment when she "falsely misrepresented the true facts concerning exculpatory physical evidence and made false accusations against

Plaintiff before the Second District Court of Appeal. Thus ensuring denial of relief." (Doc. 1, p 14). Plaintiff claims Mr. McCollum is liable for Ms. Dasrat's alleged misconduct because McCollum "[i]s responsible for the regulations of conduct or misconduct of all state attorney and attorney general prosecutors concerning their oaths, ethics, and actions being directly under Mr. McCollum's care, custody, and control as governed by the laws and constitutions of this State and that of the Attorney Generals' Office itself." As relief, plaintiff seeks a jury trial, costs, and to require the Attorney General's Office "to bear the costs to the DNA testing of Plaintiff's requested evidence with a reputable DNA Testing Center of Plaintiff's choosing." (Doc. 1, p. 22).

Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

*Id.* Furthermore, 28 U.S.C. § 1404 provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision to transfer an action pursuant to § 1404(a) is left to the "sound discretion of the district court and [is] reviewable only for an abuse of that discretion." *Roofing & Sheeting Metal Services v. La Quinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982). Such transfers may be made *sua sponte* by the district court. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *Robinson v. Madison*, 752 F.Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation."); *Empire Gas Corp. v. True Value Gas of Florida, Inc.*, 702

F. Supp. 783, 784 (W.D. Mo. 1989); *accord Roofing & Sheeting*, 689 F.2d at 991 n.14.

In the instant case, the acts or occurrences forming the basis of the complaint occurred in Polk County, Florida, which is located in the Middle District. Ms. Dasrat and all of the records pertinent to this case (plaintiff's criminal and postconviction records) are located in the Middle District. Thus, attendance of witnesses and availability of sources of proof favor a transfer there. Moreover, this community appears to have no relation to the litigation at issue. Neither the private interest of the litigants nor the public interest in the administration of justice is even minimally advanced by venue being maintained in this district.[1] Therefore, in the interest of justice, this action should be transferred to the Middle District.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be TRANSFERRED to the United States District Court for the Middle District of Florida.

2. That the Clerk be directed to close the file.

At Pensacola, Florida, this 22nd day of May, 2009.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

---

[1]Although the plaintiff's choice of forum is ordinarily given consideration, *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955), "where the operative facts underlying the cause of action did not occur within the forum chosen by Plaintiff, the choice of forum is entitled to less consideration." *Windmere Corp. v. Remington Products, Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985).