UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRY WOODARD,

    Plaintiff,

v.                                                       Case No. 8:09-CV-1194-T-30AEP

CHANDRA W. DASRAT, et al.,

    Defendants.
_____/

## **ORDER**

Plaintiff is a prisoner confined at Holmes Correctional Institution, Bonifay, Florida. He initiated this action by filing, *pro se*, a civil rights complaint ("complaint") pursuant to 42 U.S.C. § 1983 in the United States District Court for the Northern District of Florida (Dkt. 1). The Northern District transferred the case to this Court (Dkts. 7-8).

In his complaint, Plaintiff names Chandra W. Dasrat, Assistant Attorney General, and Bill McCollum, Attorney General for the State of Florida, as defendants in this action. Because Plaintiff is seeking redress from governmental employees, the Court has undertaken the mandatory screening of his complaint pursuant to 28 U.S.C. § 1915A. In pertinent part, § 1915A provides:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress

> from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint -- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

The procedure required by § 1915A is, by its terms, a screening process to be applied sua sponte.

The Court finds, for reasons set forth infra, that the complaint should be dismissed prior to service of process pursuant to 28 U.S.C. § 1915A(b).

## Discussion

**Plaintiff's allegations and claims**

In his complaint, Plaintiff essentially alleges the following: He filed a petition in state court seeking postconviction DNA testing. His petition, however, was denied. Petitioner appealed the denial of his petition. In her appellate answer brief, Defendant Dasrat falsely represented that DNA testing was not possible because there was no evidence available that could be tested. The physical evidence, however, did exist, and was under seal in the possession of the Clerk of the Court for the Tenth Judicial Circuit Court, Florida. The appellate court affirmed the denial of Plaintiff's petition for postconviction DNA testing.

As to Defendant McCollum, Plaintiff alleges in his complaint that Defendant McCollum is the Attorney General for the State of Florida, and he is "responsible for the regulations of conduct or misconduct of 'all' state attorney and attorney general prosecutors

2

concerning their oaths, ethics, and actions." (Dkt. 1 at pg. 14).

Plaintiff's complaint alleges that Defendants violated his Fourteenth Amendment due process and equal protection rights. (Dkt. 1 at pgs. 20-21).

For relief, Plaintiff seeks: 1) a jury trial; 2) reimbursement of filing, service, and attorney fees; 3) the Florida Attorney General's Office to pay for DNA testing at a testing facility of Plaintiff's choice; and 4) "any and all other forms of relief, this Court deems fair, proper, and just." (Dkt. 1 at pgs. 20, 22).

**Analysis**

Pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys"). A Plaintiff is not required to prove his claim in his complaint, but he must allege sufficient facts in the complaint which, when viewed in the light most favorable to him, support the conclusion that he may be able to establish that he is entitled to the relief he seeks. "[E]ven in the case of pro se litigants . . . leniency does not give a court license to serve as de facto counsel for a party, . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). *See also, Pontier v. City of Clearwater, Fla.*, 881 F. Supp. 1565, 1568 (M.D. Fla. 1995).

**Claims against Defendant McCollum**

Plaintiff has failed to state a basis for liability as to Defendant McCollum, as Plaintiff apparently seeks to hold him liable on a respondeat superior theory of liability.

In *Gross v. White*, 2009 U.S. App. LEXIS 15939, 2009 WL 2074234 at *1 (11th Cir. Fla. July 17, 2009)(unpublished opinion), the Eleventh Circuit Court of Appeals held:

> Supervisory officials cannot be held liable under § 1983 for the unconstitutional actions of their subordinates based on respondeat superior liability. *Gray ex rel. Alexander v. Bostic*, 458 F.3d 1295, 1308 (11th Cir. 2006). The standard by which a supervisor is held liable in his individual capacity for the actions of a subordinate is extremely rigorous. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (quotation marks and alteration omitted). A claim based on supervisory liability must allege that the supervisor: (1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would. *See Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007).

*Id*. (internal quotations omitted).

Plaintiff's complaint does not allege that Defendant Dasrat acted pursuant to a custom or policy of Defendant McCollum's, or that Defendant McCollum directed Defendant Dasrat to act unlawfully, or failed to stop her from acting unlawfully when he knew she would. The allegations of the complaint fail to meet the "extremely rigorous standard" for supervisor liability under § 1983. *Cottone*, 326 F.3d at 1360. Accordingly, the claims against Defendant McCollum must be dismissed.

**Claims against Defendant Dasrat**

To the extent Plaintiff seeks damages from Defendant Dasrat, she is immune from suit under § 1983 for acts taken during the course of her duty as a prosecutor. *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999). In this case, Defendant Dasart is entitled to absolute immunity for the alleged improper conduct that was associated with the judicial proceedings. *See Allen v. Thompson*, 815 F.2d 1433, 1434-1435 (11th Cir. 1987); *see also*, *Charles v. Greenberg*, 2000 U.S. Dist. LEXIS 18349, 2000 WL 1838713 at **2-3 (E.D.La. 12/13/00) (unpublished) (§ 1983 plaintiff, released from prison in 1999 for a 1982 aggravated rape conviction after a DNA test on the "rape kit" from that crime revealed that he was not the perpetrator, could not sue prosecutors for their "opposition" to the plaintiff's efforts since 1992 to perform the test on the rape kit; opposition fell within their prosecutorial function and thus prosecutors were absolutely immune). Consequently, any claim for damages against Defendant Dasart must be dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

To the extent Plaintiff seeks an order compelling the Defendants to produce evidence for DNA testing, and pay for the DNA testing, Plaintiff's claim must be dismissed. Plaintiff's complaint appears to allege that Plaintiff has a federal due process right to DNA testing. The Supreme Court has recently held that there is no right under the Due Process Clause to obtain postconviction access to the State's evidence for DNA testing. *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 129 S.Ct. 2308 (2009). Florida has enacted a statute, Section 925.11, Fla. Stat., dealing specifically with access to DNA

evidence.[1] Plaintiff's complaint does not allege that Florida's postconviction procedures for

---

[1]§ 925.11.  Postsentencing DNA testing

(1)  PETITION FOR EXAMINATION.

(a) 1. A person who has been tried and found guilty of committing a felony and has been sentenced by a court established by the laws of this state may petition that court to order the examination of physical evidence collected at the time of the investigation of the crime for which he or she has been sentenced that may contain DNA (deoxyribonucleic acid) and that would exonerate that person or mitigate the sentence that person received.

2. A person who has entered a plea of guilty or nolo contendere to a felony prior to July 1, 2006, and has been sentenced by a court established by the laws of this state may petition that court to order the examination of physical evidence collected at the time of the investigation of the crime for which he or she has been sentenced that may contain DNA (deoxyribonucleic acid) and that would exonerate that person.

(b) A petition for postsentencing DNA testing under paragraph (a) may be filed or considered at any time following the date that the judgment and sentence in the case becomes final.

(2)  METHOD FOR SEEKING POSTSENTENCING DNA TESTING.

(a) The petition for postsentencing DNA testing must be made under oath by the sentenced defendant and must include the following:

1. A statement of the facts relied on in support of the petition, including a description of the physical evidence containing DNA to be tested and, if known, the present location or the last known location of the evidence and how it was originally obtained;

2. A statement that the evidence was not previously tested for DNA or a statement that the results of any previous DNA testing were inconclusive and that subsequent scientific developments in DNA testing techniques would likely produce a definitive result establishing that the petitioner is not the person who committed the crime;

3. A statement that the sentenced defendant is innocent and how the DNA testing requested by the petition will exonerate the defendant of the crime for which the defendant was sentenced or will mitigate the sentence received by the defendant for that crime;

4. A statement that identification of the defendant is a genuinely disputed issue in the case, and why it is an issue;

5. Any other facts relevant to the petition; and

6. A certificate that a copy of the petition has been served on the prosecuting authority.

(b) Upon receiving the petition, the clerk of the court shall file it and deliver the court file to the assigned judge.

(c) The court shall review the petition and deny it if it is insufficient. If the petition is sufficient, the prosecuting authority shall be ordered to respond to the petition within 30 days.

(d) Upon receiving the response of the prosecuting authority, the court shall review the response and enter an order on the merits of the petition or set the petition for hearing.

(e) Counsel may be appointed to assist the sentenced defendant if the petition proceeds to a hearing and if the court determines that the assistance of counsel is necessary and makes the requisite finding of indigency.

(continued...)

seeking access to evidence for DNA testing are inadequate. Furthermore, this Court sees

"nothing inadequate about the procedures [Florida] has provided to vindicate its state right

to postconviction relief in general, and nothing inadequate about how those procedures apply

---

[1](...continued)
(f) The court shall make the following findings when ruling on the petition:

  1. Whether the sentenced defendant has shown that the physical evidence that may contain DNA still exists;

  2. Whether the results of DNA testing of that physical evidence would be admissible at trial and whether there exists reliable proof to establish that the evidence has not been materially altered and would be admissible at a future hearing; and

  3. Whether there is a reasonable probability that the sentenced defendant would have been acquitted or would have received a lesser sentence if the DNA evidence had been admitted at trial.

  (g) If the court orders DNA testing of the physical evidence, the cost of such testing may be assessed against the sentenced defendant unless he or she is indigent. If the sentenced defendant is indigent, the state shall bear the cost of the DNA testing ordered by the court.

  (h) Any DNA testing ordered by the court shall be carried out by the Department of Law Enforcement or its designee, as provided in s. 943.3251.

  (I) The results of the DNA testing ordered by the court shall be provided to the court, the sentenced defendant, and the prosecuting authority.

(3) RIGHT TO APPEAL; REHEARING.

  (a) An appeal from the court's order on the petition for postsentencing DNA testing may be taken by any adversely affected party.

  (b) An order denying relief shall include a statement that the sentenced defendant has the right to appeal within 30 days after the order denying relief is entered.

  (c) The sentenced defendant may file a motion for rehearing of any order denying relief within 15 days after service of the order denying relief. The time for filing an appeal shall be tolled until an order on the motion for rehearing has been entered.

  (d) The clerk of the court shall serve on all parties a copy of any order rendered with a certificate of service, including the date of service.

(4) PRESERVATION OF EVIDENCE.

  (a) Governmental entities that may be in possession of any physical evidence in the case, including, but not limited to, any investigating law enforcement agency, the clerk of the court, the prosecuting authority, or the Department of Law Enforcement shall maintain any physical evidence collected at the time of the crime for which a postsentencing testing of DNA may be requested.

  (b) In a case in which the death penalty is imposed, the evidence shall be maintained for 60 days after execution of the sentence. In all other cases, a governmental entity may dispose of the physical evidence if the term of the sentence imposed in the case has expired and no other provision of law or rule requires that the physical evidence be preserved or retained.

to those who seek access to DNA evidence." 129 S.Ct. at 2320. Accordingly, Plaintiff's claim that he has a federal due process right to access the physical evidence for DNA testing fails as a matter of law.

Furthermore, to the extent Plaintiff's complaint asserts Plaintiff was denied equal protection under the law, the complaint does not allege that Plaintiff is a member of a protected class and that he has he been treated differently from others who are similarly situated. Consequently, he has not been denied equal protection of the laws. *See Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1319 (11th Cir. 2006)("To establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis.")(citations omitted).

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b).
2. The Clerk of the Court is directed to terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on August 21, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy furnished to:
*Pro Se* Plaintiff