# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

TERRY WOODARD, *pro se*,

    Plaintiff,

v.                                    Case No.  8:09-CV-1194-T-30AEP

CHANDRA W. DASRAT, et al.,

    Defendants.

_____/

## ORDER

This matter comes before the Court on Plaintiff's Motion for Reconsideration, and/or Motion to Alter or Amend Judgement (hereinafter "motion" or "motion for reconsideration") (Dkt. 12).  Although Plaintiff's motion for reconsideration was not received by the Court for filing until September 10, 2009, the Court accepts the motion as filed on September 4, 2009, as evidenced by the stamp on the face of the document acknowledging that it was delivered into the hands of prison officials on that date (Dkt. 12 at 1).  *See  Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (a notice of appeal filed by an incarcerated *pro se* litigant was deemed filed at the time the inmate relinquished control of it to prison officials); *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (same).

Plaintiff does not cite any legal authority for his motion.  The Federal Rules of Civil Procedure provide two vehicles by which a party may seek reconsideration of an order dismissing a cause of action, Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b).  In addressing the application of these two rules, the Eleventh Circuit "has drawn a substantive/collateral

1

distinction: 'Rule 59 applies to motions for reconsideration of matters encompassed in a decision on the merits of the dispute, and not matters collateral to the merits.'" *Finch v. City of Vernon*, 845 F.2d 256, 259 (11th Cir. 1988) (citations omitted). Because Plaintiff seeks reconsideration of issues addressed in a decision on the merits of his claims, the motion will be considered pursuant to Fed. R. Civ. P. 59(e).[1] *See, United States v. E. Air Lines, Inc.*, 792 F.2d 1560, 1562 (11th Cir. 1986) (Any post-judgment motion to alter or amend the judgment served within ten days after the entry of the judgment, other than a motion to correct purely clerical errors, is within the scope of Rule 59(e) regardless of its label.).

The only grounds for granting a motion under Rule 59 are newly discovered evidence or manifest errors of law or fact. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir.), *cert. denied*, 128 S. Ct. 660 (2007). Plaintiff apparently relies on the "manifest errors of law or fact" ground for relief as he does not argue the availability of new evidence.

Rule 59(e) gives the Court broad discretion to reconsider an order which it has entered. *See generally Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.*, 169 F.R.D. 680, 684 (M.D. Fla. 1996); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). After a judgment has been entered, however, the interest in finality may be deemed "compelling." *Union Planters Nat'l Leasing v. Woods,* 687 F.2d 117, 121 (5th Cir.1982) (quoting *Dussouy v. Gulf Coast Investment Corp.,* 660 F.2d 594, 598 n. 2 (5th Cir. 1981)).

On August 21, 2009, the Court dismissed Plaintiff's claims (See Dkt. 11). The Court determined that Plaintiff's claims against Defendant McCollum were subject to dismissal because Plaintiff sought to hold him liable solely on a respondeat superior theory of liability,

---

[1] "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). See also, Fed. R. Civ. P. Rule 6(a)(2)("Exclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days.").

2

and supervisory officials may not be held liable under section 1983 based on respondeat superior liability.[2] The Court also decided that Plaintiff's claims against Defendant Dasrat were subject to dismissal because she was immune from suit for actions taken during the course of her duty as a prosecutor. Also, the Court found that Plaintiff had no federal due process right to access physical evidence for DNA testing. Finally, the Court determined that Plaintiff failed to state a claim for denial of equal protection as the complaint did not allege that Plaintiff was a member of a protected class, or that he was treated differently from others who are similarly situated.

In his motion for reconsideration, Plaintiff essentially challenges the Court's dismissal of his claims against Defendant Dasrat. Plaintiff first argues that his complaint stated a sufficient claim for conspiracy against Defendant Dasrat. Plaintiff is incorrect. It is well settled that "[c]onspiring to violate another person's constitutional rights violates section 1983." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283-1284 (11th Cir. 2002). However, "[t]o prove a 42 U.S.C. § 1983 conspiracy, a plaintiff must show that the parties reached an understanding to deny the plaintiff his or her rights and prove an actionable wrong to support the conspiracy." *Bailey v. Board of County Comm'rs*, 956 F.2d 1112, 1122 (11th Cir. 1992)(quoting *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990)). "[T]he linchpin for conspiracy is agreement, which presupposes communication . . . ." *Bailey v. Board of County Comm'rs*, 956 F.2d 1112, 1122 (11th Cir. 1992). Plaintiff's complaint did not allege any facts indicating that Defendant Dasrat reached an agreement with another party to deny Plaintiff his constitutional rights. Accordingly, Plaintiff's complaint did not

---

[2]It does not appear that Plaintiff challenges the dismissal of his claims against Defendant McCollum in his motion for reconsideration.

state a claim for conspiracy to violate his constitutional rights. *See, Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) (In civil rights actions, a complaint containing conclusory, vague, and general allegations of conspiracy will be dismissed as insufficient.).

Plaintiff also argues that Defendant Dasrat was not entitled to absolute immunity because in her appellate brief she misrepresented to the appellate court that no physical evidence existed on which DNA testing could be conducted. Again, Plaintiff is incorrect. "Absolute prosecutorial immunity is not defeated by a showing that the prosecutor acted wrongfully or even maliciously..." *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989). *See also Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279-80 (11th Cir. 2002) (a prosecutor remains absolutely immune for knowingly proffering perjured testimony and fabricated exhibits at trial).

Having carefully considered the arguments raised in Plaintiff's motion for reconsideration, the Court finds that he has failed to demonstrate any manifest errors of law or fact.

ACCORDINGLY, the Court **ORDERS** that Plaintiff's Motion for Reconsideration, and/or Motion to Alter or Amend Judgement (Dkt. 12) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on November 6, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*